[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION AND COURT ORDER REGARDING MOTION FOR NONSUIT FOR FAILURE TO PLEAD
A transcript of the March 15, 1993 Short Calendar argument in this case discloses that the Court ordered plaintiff Anthony Fucci to amend his Amended Complaint of January 27, 1993 by stating the following:
 1] As to paragraph B in his Amended Complaint, the approximate dates on which defendant Mildred Rudnick allowed trucks and cars to be parked on her side lawn; and
 2] By setting forth in paragraph D the approximate dates when water entered into his garage and the approximate dates when he noticed the cracks in the walls of the foundation.
According to the Order section on pleading Number 151, the Court issued other orders, including an order overruling plaintiff's objections to revising his complaint in accordance with defendant's requests Number 8 and 9. Thus the plaintiff further is required to revise paragraph N of said amended complaint by stating how (the manner in which and/or specifics of) the claimed conduct of defendant Mildred Rudnick has aggravated his claimed health problems; and the plaintiff is required to eliminate paragraph 8 of the page entitled "The Plaintiff Anthony Fucci seeks Injunctive Relief and Exemplary Damages". CT Page 6915
At the May 24, 1993 hearing on defendant Mildred Rudnick's Motion for Nonsuit for Failure to Plead (#152) plaintiff Anthony Fucci stated his intention not to abide by and to disregard the Court order from the March 15, 1993 hearing. According to the transcript of the May 24, 1993 hearing Mr. Fucci stated the following in this regard:
 THE COURT: But in any event, you plan not to revise any further, is that your statement?
 MR. FUCCI: I plan on standing by my revised complaint of January the 27th. I feel that it is a good complaint, a legitimate complaint.
Transcript, page 4.
Superior Court Rule 351 (Conn. Practice Bk. 351) authorizes this Court to enter a judgment of nonsuit against a plaintiff who fails to comply with a Court Order. Such a judgment terminates the lawsuit brought by a plaintiff. Certainly, this rule of Court may be applied against any plaintiff who refuses to obey a Court Order directed to the filing of pleadings.
Accordingly, this Court issues the following
ORDER
A judgment of nonsuit shall enter after the expiration of two (2) weeks from the date hereof and upon the date that defendant Mildred Rudnick files a claim slip, reclaiming said Motion for Nonsuit for Failure to Plead (pleading #152), unless prior thereto plaintiff Anthony Fucci files a revised complaint which complies with the Court Orders set out in this Memorandum of Decision.
CLARANCE J. JONES, JUDGE